UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TAMMY ALLEN, PERSONAL REPRESENTATIVE )
OF THE ESTATE OF NORMAN ALLEN,             )
      Plaintiff,                                              )
                                                              )
V.                                                              )
                                                              )
THE UNITED STATES OF AMERICA,              )
      Defendant.                                           )

**COMPLAINT**

COUNT I.

1. The plaintiff, Tammy Allen, is the Personal Representative of the Estate of Norman Allen and a resident of Hampstead, Rockingham County, New Hampshire.

2. The defendant, the United States of America, is a public employer within the meaning of 28 U.S.C. §1346(b) and 2671 et seq. and at all times herein Michael Kelly, M.D. was an employee of Greater Lawrence Family Health Center, Inc. which the Department of Health and Human Services has deemed eligible for protection under the Federal Tort Claims Act pursuant to 42 U.S.C. §233.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin pursuant to 28 U.S.C. §§1346 and 2671 et seq.

4. Jurisdiction is based on 28 U.S.C. §1346(b), the Federal Tort Claims Act.

5. All statutory conditions precedent to filing suit have been met.

6. At all times relevant to this complaint, the defendant, The United States of America, by its agents, servants or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent and qualified to diagnose and treat the plaintiff's decedent on or about March 1998 to October 1999.

7. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, The United States of America, by its agents, servants or employees, who negligently and carelessly and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner which resulted in the plaintiff's decedent's death on May 18, 2002.

8. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness,

negligence and improper care and treatment by the defendant, The United States of America, by its agents, servants or employees, including but not limited to the following:

a.  its misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful and competent to diagnose and treat the plaintiff's decedent on or about March 1998 to October 1999;

b.  its failure to adequately and properly diagnose the medical condition of the plaintiff's decedent on or about March 1998 to October 1999, and its failure to properly treat said condition;

c.  its failure to recognize, or to have the knowledge to recognize its inability and lack of skill to treat the plaintiff's decedent, when it knew or should have known of the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical care and treatment;

d.  its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing its specialty;

e.  its failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT II.

1.  The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3.  As the direct and proximate result of the carelessness and negligence of the defendant, The United States of America, by its agents, servants or employees, the decedent, Norman Allen, was caused to suffer consciously up to and until the time of his death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a jury, together with interest and costs.

COUNT III.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen repeats and reavers all of the allegations contained in Paragraphs One through Five of Count 1 above, as if expressly rewritten and set forth herein.

2. The defendant, the United States of America, is a public employer within the meaning of 28 U.S.C. §1346(b) and 2671 et seq., and at all times herein, Michael Kelly, M.D. was an employee of Greater Lawrence Family Health Center, Inc. which the Department of Health and Human Services has deemed eligible for protection under the Federal Tort Claims Act pursuant to 42 U.S.C. §233.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin.

4. At all times relevant to this complaint, the defendant, The United States of America, by its agents, servants or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent and qualified to diagnose and treat the plaintiff's decedent on or about March 1998 to October 1999.

5. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, The United States of America, by its agents, servants or employees, who negligently, carelessly and recklessly and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner which resulted in the plaintiff's decedent's death on May 18, 2002.

6. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, The United States of America, by its agents, servants or employees, or by the gross negligence of the defendant on or about March 1998 to October 1999.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with punitive damages, interest, and costs.

COUNT IV.

1.  The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3.  As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, The United States of America, by its agents, servants or employees, the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a jury, together with punitive damages, interest, and costs.

COUNT V.

1.  The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers fully herein the allegations contained in Paragraphs One through Five of Count I of this complaint as if each were set forth here in its entirety.

2.  On or about March 1998 to October 1999, the defendant, The United States of America, by its agents, servants or employees, contracted with the plaintiff's decedent to provide professional services related to the medical care of the plaintiff's decedent.

3.  The defendant, The United States of America, by its agents, servants or employees, expressly and impliedly warranted to the plaintiff's decedent that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4.  On or about March 1998 to October 1999, the defendant, The United States of America, by its agents, servants or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty, which breach resulted in the death of Norman Allen.

5.  The death of Norman Allen and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the breach of express and

implied warranties of the defendant, The United States of America, by its agents, servants or employees.

WHEREFORE, the plaintiff, Tammy Allen, as Executor of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT VI.

1. The plaintiff, Tammy Allen as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V of this complaint as if each were set forth here in its entirety.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, The United States of America, by its agents, servants or employees, the plaintiff's decedent, Norman Allen, was caused to suffer consciously up to and including the time of his death.

WHEREFORE, the plaintiff, Tammy Allen, as Executor of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a jury, together with interest and costs.

COUNT VII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers fully herein Paragraphs One through Five of Count I of this complaint as if each were set forth here in its entirety.

2. On or about March 1998 to October 1999, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about March 1998 to October 1999, the defendant, The United States of America, by its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about March 1998 to October 1999, the defendant, The United States of America, by its agents, servants or employees, did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, The United States of America, by its agents, servants or employees, had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Norman Allen and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, The United States of America, by its agents', servants' or employees' failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT VIII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII of this complaint as if each were set forth here in its entirety.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the defendant, The United States of America, by its agents', servants' or employees' failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff's decedent, Norman Allen, was caused to suffer consciously up to and including the time of his death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By her attorney,

*[signature]*
WILLIAM THOMPSON
LIC # 559275
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Tammy Allen, Personal Representative of the Estate of Norman Allen__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William J. Thompson, Esquire__
ADDRESS __100 City Hall Plaza, Boston, MA 02108__
TELEPHONE NO. __(617)720-4447__

(CategoryForm.wpd - 2/15/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tammy Allen, Personal Representative of the Estate of Norman Allen

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (617)720-4447
William J. Thompson, Esquire
100 City Hall Plaza, Boston, MA  02108

## DEFENDANTS
United States of America

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1346

Brief description of cause:
wrongful death

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE 4/28/05
SIGNATURE OF ATTORNEY OF RECORD /s/ William Thompson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____